IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CV-86

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| SAFECO INSURANCE COMPANY OF AMERICA and HARTFORD FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon Defendant Safeco's Motion to Dismiss (Document 23) and Defendant Hartford's Motion to Dismiss (Document 27). For the reasons set forth below, Safeco's motion is GRANTED and Hartford's motion is GRANTED. Because Safeco and Hartford (together, "Defendants") advance the same arguments, this Court will address the two motions to dismiss simultaneously.

**I. Background**

Plaintiff Fireman's Fund Insurance Company ("FFIC") filed the present unjust enrichment and reservation of rights actions against Defendants Safeco Insurance Company of America ("Safeco") and Hartford Fire Insurance Company ("Hartford"). FFIC is a property and casualty insurance and surety company, headquartered in California. Safeco is a property and casualty insurance and surety company, headquartered in Washington. Hartford is a marine, property and casualty insurance and surety company, headquartered in Connecticut. All three

companies are licensed to do business in North Carolina. Each company issued payment and performance bonds for several construction projects that were contracted by J.A. Jones Construction Company ("Jones") and Rea Construction Company ("Rea"). Although each company bonded with Jones and Rea, Safeco and Hartford's bonded some Jones and Rea projects 100%, and thus, FFIC did not provide a bond for these projects. Compl. ¶¶ 8-11.

Jones and Rea filed for bankruptcy on September 25, 2003. In response, FFIC "took remedial steps to mitigate damages arising from these problems." Compl. ¶ 11. As FFIC asserts: "This was an enormous task executed by FFIC under urgent conditions, requiring [FFIC] to fund direct project costs and corporate overhead related to virtually all bonded Jones . . . and Rea projects." Compl. ¶14. FFIC's support covered Jones and Rea's production and operating costs. Without this funding, FFIC maintains that Jones and Rea "could not have maintained operations . . . resulting in defaults, damages and other surety exposure for Safeco, Hartford and FFIC." Id.

FFIC's support, however, was not limited solely to its own construction projects. Instead, because Jones and Rea could not distinguish their costs between Safeco, Hartford and FFIC bonded projects, FFIC's support benefitted Safeco and Hartford projects as well. Due to "the exigencies of the circumstances—with [Jones and Rea] precipitously headed for bankruptcy and in danger of defaulting on substantial projects," FFIC did not obtain a reimbursement agreement from Safeco and Hartford. FFIC's funding continued from April 2003 through October 2003. Since that time, despite FFIC's requests, Safeco and Hartford have repaid only a small portion of the $2,403,574.00 in reimbursement FFIC claims it is owed.

On February 20, 2007, FFIC filed the present unjust enrichment and reservation of rights

claims. In May 2007, Safeco and Hartford separately moved to dismiss FFIC's Complaint under Fed. R. Civ. P. 12(b)(6) on three grounds: (1) FFIC has failed to plead elements necessary to establish a prima facie case of unjust enrichment; (2) FFIC's unjust enrichment claim is barred by a three-year statute of limitations; and (3) the reservation of rights claim is not a cognizable action.

## II. Discussion

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir.1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355U. S. 41, 47 (1957)). Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

### A. FFIC Does Not Presents a Credible Unjust Enrichment Claim

This Court will begin with the elements of the unjust enrichment claim. Accepting FFIC's complaint as true, and drawing all reasonable inferences in favor of FFIC, this Court finds that FFIC fails to present a credible claim for unjust enrichment against either Hartford or Safeco.

To prevail on a claim of unjust enrichment, FFIC must demonstrate that (1) it conferred a benefit on Hartford, (2) the benefit was not conferred gratuitously or officiously, "that is it must not be conferred by an interference in the affairs of the other party in a manner that is not

justified in the circumstances," (3) the benefit was measurable, and (4) Defendants consciously accepted the benefit. Booe v. Shadrick, 369 S.E.2d 554, 556 (N.C. Sup. Ct. 1988).

First, this Court finds that FFIC conferred a benefit on Hartford. As set forth in FFIC's complaint, Hartford benefitted from FFIC's support of Jones and Rea because neither company defaulted on their projects, thus saving Hartford from its bond. This benefit satisfies the North Carolina standard which analyzes benefit conferral "without regard to the directness of the transaction." Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd., 72 Fed. Appx. 916, 921 (4th Cir. 2003). Indeed, Hartford does not dispute that it benefitted from FFIC's actions. Thus, this element is not issue.

Under the second element of the analysis, this Court finds that FFIC's actions were officious. If a party induces or solicits another party to confer some sort of benefit, the second party's behavior is non-officious. Here, FFIC fails to allege that either Defendant acted to induce or solicit FFIC's actions. Absent such inducement or solicitation, Defendants are simply not liable for unjust enrichment, even if they did benefit from FFIC's actions. "Where a person has officiously conferred a benefit upon another, the other is enriched, but is not considered to be unjustly enriched." Wright v. Wright, 289 S.E.2d 347, 351 (1982)(quoting Rhyne v. Sheppard, 32 S.E.2d 316, 318 (1944). The Court understands that FFIC acted to protect its own business interests, but to the extent that FFIC's choice to protect its business impacted Hartford and Safeco, this Court finds FFIC's conduct to be officious.

Finding FFIC's behavior to be officious vitiates the need for analysis of the remaining two terms. Even if the benefit conferred onto Defendants is measurable, FFIC simply asserts no allegations that would support a claim that the benefit received by the Defendants is unjust. As

4

explained above, this Court recognizes that Defendants received a benefit from FFIC, but without inducement or solicitation, that benefit is not unjust enrichment.

As for conscious acceptance of a benefit, the Court declines to analyze this element because it has no bearing on the Court's conclusion. Whether or not Defendants consciously accepted a benefit from FFIC, the benefit is not unjust enrichment.

**B. Statute of Limitations Does Not Matter Given the Plaintiff's Failure to Present a Prima Facie Case of Unjust Enrichment**

Since neither Defendant was unjustly enriched by FFIC, the Court will not enter into a discussion of the applicable statute of limitations. Even if the Court found that FFIC's claim was not barred by a statute of limitations, its claim of unjust enrichment is not valid.

**C. FFIC Does Not Present a Credible Reservation of Rights Claim.**

FFIC also alleges a claim against the defendants entitled "reservations of rights claim." "A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim." Forbis v. Honeycutt, 273 S.E.2d 240, 241 (N.C. 1980). Here, FFIC's claim for relief entitled "reservation of rights" fails to state a viable claim against - and does not ask for relief from - Safeco or Hartford. Further, North Carolina does not recognize a "reservation of rights" cause of action. This claim will therefore be dismissed.

5

IT IS THEREFORE ORDERED that Defendant Safeco's Motion to Dismiss is GRANTED and Defendant Hartford's Motion to Dismiss is GRANTED.

Signed: November 28, 2007

Graham C. Mullen
United States District Judge